UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY DARNELL JONES,

    Plaintiff,

v.	Case No. 2:04-cv-265
    HON. GORDON J. QUIST

GEORGE PRAMSTALLER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Larry Darnell Jones filed this civil rights action pursuant to 42 U.S.C. § 1983 asserting claims against MDOC Medical Director Dr. George Pramstaller, Dr. Larry Carlyon, Marquette Branch Prison mail room employee Sharon J. Wright, Sergeant J. Larson and John Doe chemical manufacturer.

Plaintiff sues defendants for $100,000,000 due to alleged damage to plaintiff's heart valve. Plaintiff complains that he was improperly gassed eleven times, removed from the chronic care list, and denied medical treatment for a serious neurological condition. Plaintiff alleges that he was denied access to the courts by the denial of his medical typewriter. Plaintiff alleges that he was gassed in retaliation for his grievance filings.

Plaintiff alleges that defendant Pramstaller failed to protect plaintiff from exposure to chemical agents, although he knew that plaintiff had a medical condition that would be further exacerbated if chemical agents were used on or around plaintiff. Plaintiff alleges that on May 8, 2002, he was given a medical detail by Dr. Chung requiring plaintiff's removal outside when chemical agents were used on other prisoners in the vicinity of plaintiff's cell. Plaintiff then states

that Dr. Pramstaller, on May 20, 2002, disapproved the medical detail after concluding that plaintiff's medical records did not support the medical detail. According to plaintiff, on July 16, 2002, defendant Pramstaller had defendant Dr. Carlyon cancel the May 8, 2002, medical detail.

Plaintiff further alleges that on August 1, 2002, Dr. Pramstaller allowed Dr. Carlyon to deny plaintiff his Nitro Bid medications and refuse to refer plaintiff to a cardiologist. Plaintiff states that he filed a grievance on this matter and on August 7, 2002, was retaliated against when Dr. Pramstaller removed plaintiff from the chronic care list, denied him yearly flu shots, and refused to provide medical treatment after plaintiff had been gassed. Plaintiff alleges that defendants denied him his Lipitor medication for cholesterol for over two straight months and his anti-cholesterol medically ordered diet. Plaintiff asserts that defendants are deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Plaintiff claims that he suffered heart valve damage by being improperly gassed. He further states that he is being denied treatment for a serious neurological 19 point brain damage condition. Plaintiff alleges that he had a 1998 medical detail for a typewriter. Plaintiff claims that neurological examinations have confirmed that he has lost strength in his hand. Plaintiff asserts that defendant Pramstaller issued a special accommodation notice that allowed plaintiff typewriter usage. However, plaintiff claims that the accommodation notice is not being honored at the prison.

Plaintiff complains that defendant Sharon Wright never mailed out his habeas petition to the federal court in Marquette. Further, it was determined that plaintiff's habeas petition was sent back to housing and destroyed by defendant Larson. Plaintiff claims that defendants violated his rights by failing to mail his habeas petition to the courts.

Defendants have moved to dismiss plaintiff's complaint because he has previously asserted identical claims in different causes of action filed in this court. In *Jones v. Pramsteller*, No.

2:03-cv-120, plaintiff asserted that defendant Pramstaller removed him from the May 8, 2002, medical detail and failed to protect plaintiff from the use of chemical agents. Plaintiff claimed that Dr. Pramstaller permitted Dr. Carlyon to deny plaintiff his Nitro Bid medication, remove plaintiff from the chronic care list, deny plaintiff flu shots, and refuse to refer plaintiff to a cardiologist. Plaintiff also asserted his claims regarding Lipitor and his anti-cholesterol diet.

That case was dismissed by the Court on August 31, 2004, when Judge Quist approved and adopted my Report and Recommendation to dismiss the complaint without prejudice for failure to exhaust grievance remedies or, alternatively, to dismiss with prejudice on the merits of plaintiff's claims. Plaintiff has now represented that he exhausted each of his claims asserted in this more recent complaint. Even if plaintiff exhausted his claims, however, those claims asserted against defendant Pramstaller, in the opinion of the undersigned, fail for the reasons stated in my previous Report and Recommendation. In my earlier Report and Recommendation, I explained why defendant Pramstaller was entitled to the qualified immunity defense:

> Defendant Pramstaller denied plaintiff's request for removal from his cell when chemical agents are used because plaintiff's medical condition did not warrant the request. The denial stated:
>
>> No history of asthma or any breathing problem; no need for permanent detail to be out of block during gassing. Been here since Aug. 2001. No witness to nose bleeding. Documentation in medical record does not support that this patient would be at risk for an adverse clinically relevant side effect from chemical agents.
>
> Complaint, exhibit #4. Plaintiff has simply failed to show anything more than a difference in opinion with defendant Pramstaller. Defendant Pramstaller reviewed the request and circumstances and determined that plaintiff would not suffer any adverse effects if he remained in his own cell while chemical agents were used on other prisoners in the block. There exists no evidence that defendant Pramstaller acted with deliberate indifference toward plaintiff when

> making this determination. In fact, Dr. Pramstaller explains that chemical agents always cause adverse side effects. Affidavit docket #102. While Dr. Pramstaller concedes that plaintiff may be at a slightly increased risk because of his Mitral stenosis and aortic insufficiencies secondary to his childhood Rheumatic Fever, he explains that it is not medically mandatory, in his opinion, for plaintiff to be free from the gas or chemical agents. According to Dr. Pramstaller, plaintiff's medical condition will naturally worsen over time, chemical agents will have no effect on this process. Further, there exists no evidence that any decision was made by defendant Pramstaller in retaliation for plaintiff's grievance filing. In fact, plaintiff's allegations regarding the denial of a cardiology referral did not involve defendant Pramstaller. It was Dr. Carolyn who denied the referral. Plaintiff has failed to set forth any facts which show that Dr. Pramstaller was involved in the denial of the cardiology referral or, more importantly, that the denial of the referral was a retaliatory act by Dr. Pramstaller.

There exists no further reason to re-litigate these issues in this case. Accordingly, in the opinion of the undersigned defendant Pramstaller should be dismissed from this case.

In *Jones v. Pramstaller,* No. 2:04-cv-213, plaintiff asserted First, Sixth and Eighth Amendment claims against defendants Wright, Larson and Pramstaller. Plaintiff alleged that defendants Wright and Larson prevented him from filing a habeas action in federal court and destroyed his pleadings. The same claim is asserted in this action against defendants Wright and Larson. Plaintiff also asserted claims against defendant Pramstaller regarding his approval of the use of chemical agents in plaintiff's presence, despite plaintiff's assertion that his medical condition required him to be free from chemical agents. Plaintiff again complained that Dr. Pramstaller issued an order rejecting Dr. Chung's medical detail requiring plaintiff's removal from the unit when chemical agents were being used. In that case, the court dismissed the claims against Dr. Pramstaller based upon issue and claim preclusion because plaintiff had previously asserted these claims unsuccessfully in a previous case. For those same reasons, Dr. Pramstaller is entitled to dismissal from this action. Similarly, the court dismissed the claims against defendants Wright and Larson as

barred by the statute of limitations period. Plaintiff is barred from reasserting these dismissed claims in a separate cause of action. Defendants Wright and Larson are entitled to dismissal of the claims re-asserted against them in this action.

It does not appear that Dr. Carlyon was a named defendant in either of the two previously filed cases. Plaintiff is currently attempting to serve Dr. Carlyon with a summons and complaint. On April 22, 2005, the court ordered that the clerk serve Dr. Carlyon with a summons and complaint.

Plaintiff has moved for a temporary restraining order and preliminary injunction against defendant's Pramstaller, Wright and Larson for denial of a medical typewriter. The issuance of preliminary injunctive relief is committed to the discretion of the district court. Planned Parenthood Association v. City of Cincinnati, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

Washington v. Reno, 35 F.3d 1093 (6th Cir. 1994).

These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. Id.

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. See Kendrick v. Bland, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). See also Harris v. Wilters,

596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. See Checker Motors Corp. v. Chrysler Corp., 405 F.2d 319 (2d Cir. 1969), cert. denied, 394 U.S. 999 (1969). See also O'Lone v. Estate of Shabazz, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. NAACP v. City of Mansfield, Ohio, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the defendants have violated his federal rights. Plaintiff has not established that he has been denied access to the courts by these defendants. Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Accordingly, it is recommended that defendants Pramstaller, Wright and Larson's motion to dismiss (docket #21) be granted, and plaintiff's motion for a preliminary injunction and temporary restraining order (docket #37) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation. United States v. Walters, 638 F.2d 947 (6th Cir. 1981). See also Thomas v. Arn, 474 U.S. 140 (1985).

Dated:   May 16, 2005            /s/ Timothy P. Greeley
                                 TIMOTHY P. GREELEY
                                 UNITED STATES MAGISTRATE JUDGE