UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY DARNELL JONES,

        Plaintiff,

                                              Case No. 2:04-cv-265

v.                                          HON. GORDON J. QUIST

LARRY CARLYON, M.D., et al.,

        Defendant(s).

_____/

## REPORT AND RECOMMENDATION

Plaintiff Larry Darnell Jones filed this prisoner 42 U.S.C. § 1983 action against MDOC Medical Director Dr. George Pramstaller, Dr. Larry Carlyon, Marquette Branch Prison mail room employee Sharon J. Wright, and Sergeant J. Larson. Plaintiff has also named as a defendant an unknown party, John Doe Chemical Manufacturer.

Plaintiff sues for alleged damage to his heart valve. Plaintiff claims that he was improperly exposed to a chemical agent, pepper gas, on eleven occasions, removed from the chronic care list, and denied medical treatment for a serious neurological condition. Plaintiff alleges that he was denied access to the courts when he was denied the use of a typewriter to accommodate his alleged medical needs. Plaintiff asserts that chemical agents were used in retaliation for his grievance filings.

Plaintiff alleges that defendant Pramstaller failed to protect plaintiff from exposure to chemical agents, although he knew plaintiff had a medical condition that would worsen if plaintiff was exposed to chemical agents. Plaintiff alleges that in 2002 Dr. Chung gave him a medical detail

requiring plaintiff's removal to an outside location away from areas where chemical agents were used. Plaintiff alleges that Dr. Pramstaller, on May 20, 2002, disapproved the medical detail after concluding that plaintiff's medical records did not support the medical detail. According to plaintiff, on July 16, 2002, defendant Pramstaller had defendant Carlyon cancel the May 8, 2002, medical detail.

Plaintiff further alleges that on August 1, 2002, Dr. Pramstaller allowed Dr. Carlyon to deny plaintiff his Nitro Bid medications and refuse to refer plaintiff to a cardiologist. Plaintiff states that he filed a grievance on this matter and on August 7, 2002, was retaliated against when Dr. Pramstaller removed plaintiff from the chronic care list, denied him yearly flu shots, and refused to provide medical treatment after plaintiff had been gassed. Plaintiff alleges that defendants denied him his Lipitor medication for cholesterol for over two straight months and denied him his anti-cholesterol medically ordered diet. Plaintiff asserts that defendants' actions were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Plaintiff claims that he suffered heart valve damage by being improperly gassed. He further states that he is being denied treatment for a serious neurological 19 point brain damage condition. Plaintiff alleges that he had a 1998 medical detail for a typewriter. Plaintiff claims that neurological examinations have confirmed that he has lost strength in his hand. Plaintiff asserts that defendant Pramstaller issued a special accommodation notice that allowed plaintiff typewriter usage. However, plaintiff claims that the accommodation notice is not being honored at the prison.

Plaintiff complains that defendant Sharon Wright never mailed out his habeas petition and the petition was destroyed by defendant Larson. Plaintiff claims that defendants violated his rights by failing to mail his habeas petition to the courts.

On August 16, 2005, the court dismissed defendants Pramstaller, Wright and Larson from this action because identical claims had been dismissed in previous actions filed by plaintiff. Plaintiff appealed the dismissal to the Sixth Circuit.  On February 23, 2006, this court dismissed defendant Carlyon under the "total exhaustion rule" because plaintiff had failed to show that he exhausted all of his claims against defendant Carlyon.  This was the court's final judgment dismissed all the remaining claims.  Plaintiff filed an appeal of this order with the Sixth Circuit.  On April 26, 2007, the Sixth Circuit issued an order vacating the court's final judgment and remanding the case for further proceedings.  The Sixth Circuit found it was improper to dismiss the case under the "total exhaustion rule."  Accordingly, the claims against defendant Carlyon remain in this case.

Defendant Carlyon moves for summary judgment on the merits.  Plaintiff has also filed two motions for summary judgment.  Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true.  *Muhammad v. Close***,** 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477

U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII.  The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency.  *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976).  The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious.  *Id.*  In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.*  The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person."  *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004).  If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898,  the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment."  *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farme*r, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received

inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. Apr. 4, 1997).

Defendant has submitted medical evidence that shows plaintiff has received continuing medical treatment from defendant and other medical providers. Dr. Carlyon admits removing plaintiff from the hypertension Chronic Care Clinic because plaintiff was not compliant with the recommendations for his condition. Dr. Carlyon was aware that plaintiff had hypercholesterolemia. However, plaintiff's cardiac imaging using nuclear medicine was normal and his blood pressure and cholesterol were within normal limits without medication. Dr. Carlyon indicated that a cardiac consult was not indicated because plaintiff had non-cardiac chest pain, which could be treated with over the counter medication. Since plaintiff was not hypertensive he did not belong in the hypertension Chronic Care Clinic for hypertensive treatment. Plaintiff remained in the Cardiovascular Chronic Care Clinic and was seen by Dr. McConnell because of heart and rheumatic heart disease.

Dr. Carlyon ordered a flu shot for plaintiff on October 19, 2001, and Dr. Oh ordered a flu shot for plaintiff on December 11, 2002. Plaintiff has not shown that his Eighth Amendment

rights were violated by Dr. Carlyon. It is plaintiff's opinion that he was not receiving proper medical care. However, a disagreement with a medical care provider regarding the type of care that is being provided cannot support an Eighth Amendment claim.

All the medical care providers have indicated that any chemical agents used in plaintiff's presence had no effect on plaintiff's heart condition. If plaintiff was asthmatic, which he is not, he would have cause for removal from the vicinity of chemical agent use. Dr. Carlyon cancelled a detail for gas exclusion because it was not medically necessary for plaintiff. Dr. Carlyon indicates that this decision was made based upon plaintiff's mitral valve stenosis and aortic insufficiency which was caused by his childhood rheumatic fever. Dr. Carlyon states that he is not aware of any medical studies that link chemical agent exposure to the worsening of heart valve problems. It is Dr. Carlyon's medical opinion that plaintiff's condition will worsen over time and chemical agents will have no effect on this process. Dr. Carlyon was not involved in approving or disapproving plaintiff's typewriter usage. Dr. Carlyon states that any concerns about plaintiff's cholesterol medication occurred after Dr. Carlyon was involved with plaintiff's case. Plaintiff has not rebutted Dr. Carlyon's motion. Plaintiff has asserted that he has suffered permanent damage because of chemical agent use against other prisoners housed in the vicinity of plaintiff. Plaintiff has not presented any medical record or clinical data to support his claim that he has suffered any lasting effects from chemical agents.

To the extent that plaintiff has asserted he was retaliated against by defendant Dr. Carlyon, plaintiff's claim should be dismissed. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against

him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Plaintiff has not established any of the elements necessary to support a retaliation claim and, most importantly, plaintiff has not rebutted Dr. Carlyon's motion showing that he treated plaintiff appropriately using sound medical judgment.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment. Accordingly, it is recommended that Defendant's motion for summary judgment (Docket #203) be granted and this case be dismissed in its entirety. It is further recommended that plaintiff's motions for summary judgment (Docket #166 and #187), motion for extra typewriter time (Docket #177), motion for extension of time to reply to answer and limit depositions (Docket #180), motion for extension of time to complete discovery (Docket #195), motion for leave to file newspaper article (Docket #201), motion to stay and for reconsideration (Docket #207), motion for order to deny defendant Carlyon's reply to plaintiff's response to defendant's motion for summary judgment (Docket #218), and defendant's motion for extension of time to reply (Docket #199) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

- 8 -

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   January 18, 2008